UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHSHALOM B.J. GRAY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBBERT LUNA, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:23-cv-02050-JLS-SHK<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

## I.　BACKGROUND

On March 17, 2023, Plaintiff Yahshalom B.J. Gray ("Plaintiff"), proceeding pro se, constructively filed[1] a Complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983"), alleging violations of his civil rights. Electronic Case Filing Number ("ECF No.") 1, Compl.

On January 22, 2024, after screening the Complaint under 28 U.S.C. § 1915, the Court issued an Order Dismissing Complaint With Leave To Amend ("ODLA"). ECF No. 20, ODLA. The Court provided Plaintiff until February 12, 2024 (twenty-one days from the date of service of the ODLA), to file a First

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

Amended Complaint ("FAC"). Id. at 12. In the ODLA, the Court warned that "**if Plaintiff does not timely file a FAC, the Court may recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure [("Fed. R. Civ. P." or "Rule")] 41(b)**." Id. at 13 (emphasis in original). Plaintiff did not file a FAC by the deadline.

On February 23, 2024, the Court entered an Order to Show Cause ("OSC") as to why this case should not be dismissed for failure to prosecute and/or follow Court orders regarding Plaintiff's failure to file a FAC. ECF No. 21, OSC. The Court ordered Plaintiff to respond to the OSC or file a FAC by March 7, 2024. Id. at 1. Plaintiff was cautioned "**failure to timely file a response to this Order or a FAC will result in the Court recommending that this action be dismissed without prejudice**." Id. at 1-2 (emphasis in original). As of the date of this Order, Plaintiff has failed show cause why this case should not be dismissed or to otherwise participate in this litigation. Plaintiff has not filed a FAC and has not contacted the Court.

## II. DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

1  the risk of prejudice to the defendants; (4) the public policy favoring disposition of
2  cases on their merits; and (5) the availability of less drastic sanctions." <u>Henderson</u>
3  <u>v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>see</u> <u>also</u> <u>Pagtalunan v. Galaza</u>,
4  291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in <u>Henderson</u>).
5  "Dismissal is appropriate 'where at least four factors support dismissal, or where at
6  least three factors 'strongly' support dismissal.'" <u>Neal v. Reslan</u>, No. CV 19-
7  09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting
8  <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)).  In a case
9  involving <u>sua</u> <u>sponte</u> dismissal, however, the fifth <u>Henderson</u> factor regarding the
10 availability of less drastic sanctions warrants special focus.  <u>Hernandez</u>, 138 F.3d
11 at 399.

      Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite extensions and warnings, Plaintiff has failed to respond to multiple Court orders and has failed to file his FAC.  This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

      The third factor—prejudice to Defendants—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action.  <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has not offered any excuse for his failure to comply with the Court's order and respond in a timely manner and this "prejudice" element thus favors dismissal.

      The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.  <u>See</u> <u>Morris v. Morgan Stanley</u>, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his

responsibilities; (2) granted sufficient time in which to discharge them; and (3) repeatedly warned of the consequences of failure to do so.  See ECF Nos. 10, 13, 15, 17-18.  Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Despite repeated attempts by the Court to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or unable to otherwise cooperate in prosecuting this action.  The Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.").

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has repeatedly defied Court orders, the Court **DISMISSES** this case, without prejudice.

### III.   ORDER

Based on the foregoing, IT IS ORDERED THAT Judgment be entered **DISMISSING** this case without prejudice.

DATED:  March 28, 2024

_____
HONORABLE JOSEPHINE L. STATON
United States District Judge

Presented by:

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

4